IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROBERT D. GREEN, §
    Petitioner, §
 §
V. § Civil Action No. 1:15-CV-081-O
 §
JORGE CASTANEDA, Warden, §
FCI-Big Spring,[1] §
    Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Robert D. Green, a federal prisoner confined at FCI-Big Spring in Big Spring, Texas. In addition to the § 2241 petition, the Court has a response from the Respondent with an Appendix containing the documents related to the disciplinary case challenged in this proceeding. Pet., ECF No. 1; Response, ECF No.5; Response Appendix (App.), ECF No. 6. After considering all of the pleadings and relief sought by Petitioner, and the applicable law, the Court has concluded that the § 2241 petition must be denied.

**I. BACKGROUND**

Petitioner Robert D. Green was convicted in the United States District Court for the Eastern District of Texas in cause number 4:13-CR-129-1 of bank fraud in violation of 18 U.S.C. § 344, and is serving a 48 month term of imprisonment.[2] His current projected good conduct time release date is December 13, 2017. *See* www.bop.gov search of Robert Dimitri Green, No. 21108-078, last

---

[1]Because Jorge Castaneda has now replaced Myron L. Batts as Warden at FCI-Big Spring, Castaneda should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to make this change on the docket of this case.

[2]The Court takes judicial notice of the records of *United States v. Green*, No.4:13-CR-129-1.

visited May 5, 2017. In this § 2241 petition, he challenges the final outcome of a disciplinary proceeding.

On August 5, 2014, while incarcerated at FCI El Reno's satellite minimum security Federal Prison Camp, Green received an incident report charging him with attempted introduction of a hazardous tool (*i.e.*, a cellular telephone) in violation of Bureau of Prisons (BOP) disciplinary code 108A, and "use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called", tracking the language of BOP disciplinary code 297. App. at 4, §§ 9 - 15;[3] *see* 28 C.F.R. § 541.3, Table 1. The charges were based upon evidence of Green's use of the phone to call a party and then direct that person to make a three way call to another number. App. 4, at § 11. Through the steps of the BOP disciplinary review process, Green was initially found guilty of both disciplinary infractions, and he was assessed punishments commiserate with having committed the two violations, including 67 days of loss of good time credit and 40 days of disciplinary segregation. App, at 12-13, §§ IV, V, and VI.

After Green was transferred to FCI-Big Spring, and initiated the BOP's administrative remedy process, he was given a second hearing by the Disciplinary Hearing Officer (DHO) at FCI-Big Spring. App. at 16. After this reconsideration of the evidence, the FCI Big Spring DHO concluded that Green had violated disciplinary code 297, but had not violated disciplinary code 108A. App. at 16-17, §§ IV - V. The DHO at FCI-Big Spring explained the evidence she relied upon to reach this conclusion:

---

[3]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

> Upon reconsideration, I find you have committed the prohibited act of Code 297, Use of the Telephone for Abuses Other than Criminal Activity Which Circumvent Telephone Monitoring, on August 5, 2014, at FCI-El Reno. I find you did not commit the prohibited act of Code 108A, Attempted Introduction of a Hazardous Tool as Section 11 [of the initial incident report] did not support this act. The evidence relied upon to support this finding [the code 297 violation] is the written statement of Counselor McCormack, dated August 5, 2014, stating he monitored a call made by you on August 5, 2014, to 214-927-3661. During this call, you instructed the receiving party of the call to make a three way call and then gave the person a phone number. The person made and completed a three way call connecting you with an automated telephone service connected to the IRS.
>
> At the original DHO hearing, you admitted to circumventing phone monitoring by making a three way call when you stated you were guilty.
>
> In deciding this issue, I found your admission to making the three way call, and the written statement of the reporting staff member, sufficient evidence to uphold you violated the prohibited act of Code 297, Use of the Telephone for Abuses Other Than Criminal Activity Which Circumvent Telephone Monitoring.

App. 17, at § V. The FCI-Big Spring DHO reduced the prior disallowance of good conduct time from 67 to 27 days and reduced the disciplinary prior segregation sanction from 40 days to 20 days. *Id*. at § VI. All other sanctions remained the same: 365 days of loss of telephone, visiting, and email privileges. *Id*. The DHO also provided an explanation of the reasons for the sanctions she imposed as follows:

> The action/behavior on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of the staff to control the use of the telephone. Your actions interfered with the ability of the staff to monitor whether inmates are making calls for prohibited or illegal purposes.

*Id*. at § VII.)

## II. CLAIMS

In this three-page petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Green asserts that his rights were violated during the disciplinary hearing process which resulted in

the loss of 27 days of good conduct time, by claiming specifically that he should have been found to have committed a violation of BOP code 397,[4] rather than a violation of code 297. He contends that he lost the good time because he was punished under code 297 instead of code 397. Pet, at 1-2.

## III. ANALYSIS

The Respondent provided the Court with a thorough and comprehensive response to Green's § 2241 petition along with the appendix of documents arising from the underlying disciplinary proceeding. Petitioner has not filed any reply. After review and consideration of that response, the Court finds and determines that Petitioner Green's § 2241 petition must be denied for the reasons stated in the Respondent's response, at sections II and III, pages 5-9.

## IV. ORDER

It is therefore **ORDERED** that Petitioner Robert D. Green's petition for relief under 28 U.S.C. § 2241 is **DENIED.**

**SO ORDERED** on this **5th day** of **May, 2017.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] Code 297, as noted above, specifically bans use of a telephone to "circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called", while code 397 covers use of a telephone for abuses *other than* illegal activity which *do not* circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called . . ." 28 C.F.R. § 541.3, Table 1 (emphasis added).